**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RAUL SANTIAGO,**

           **Petitioner,**

    **v.**                            **CASE NO. 2:05-cv-560**

                                   **JUDGE SARGUS**

**PATRICK HURLEY, Warden,**       **MAGISTRATE JUDGE KEMP**

           **Respondent.**

## OPINION AND ORDER

On March 23, 2006, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although petitioner previously filed objections to the Magistrate Judge's recommendation of dismissal of this action as untimely, his objections did not appear to relate to this action. *See* Doc. Nos. 14, 15. This matter is now before the Court on petitioner's June 26, 2006, motion to reconsider final judgment of dismissal of his habeas corpus petition and consideration of his June 28, 2006, objections to the Magistrate Judge's *Report and Recommendation*. Doc. Nos. 17, 18. For the reasons that follow, petitioner's motion, Doc. No. 18, is **GRANTED**. The March 23, 2006, final judgment dismissing petitioner's habeas corpus petition is **VACATED**. However, petitioner's June 28, 2006, objections are **OVERRULED**. This action again is hereby **DISMISSED**.

Petitioner's motion for reconsideration may be considered under Rule 60(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

*Id.*

Since petitioner does not attempt to raise any additional claims in his motion for reconsideration, but rather points to a "defect in the integrity of the federal habeas proceedings", *i.e.*, stating that due to an erroneous filing his objections to the *Report and Recommendation* were not considered, the Court concludes that petitioner's motion does not constitute a successive petition. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 (2005):

> When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a [successive] habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Id.* Allegations of fraud on the federal habeas court or that the Court misapplied the statute of limitations are properly considered under Rule 60(b). *Id.*; *see id.*, at n.5.

In support of his motion for reconsideration, petitioner states that "after several failed attempts... to receive a copy of the objections... filed in the District Court, it was discovered that in

error the temporary institutional librarian mistakenly mixed petitioner's legal documents" with that of another defendant, and that therefore the objections previously filed by petitioner in this case, which did not relate to the recommendations that were issued in this case, were filed "out of pure error." *See Motion for Reconsideration*, Doc. No. 17.

A district court's decision regarding a 60(b) motion is reviewed on appeal for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998). In *Williams v. Meyer,* 346 F.3d 607, 609 (6th Cir. 2003), the United States Court of Appeals reversed a District Court's denial of a habeas corpus petitioner's motion for relief from judgment due to counsel's failure to file objections to the Magistrate Judge's *Report and Recommendation* after requesting an extension of time to do so based, *inter alia*, on grounds of counsel's illness and trial schedule.  In remanding the case to the District Court for consideration of petitioner's objections, the Sixth Circuit noted that, under such circumstances, the Court should apply the principles used in cases involving default judgments in determining whether to grant relief under Rule 60(b). *Id.,* at 613, n.4.

> In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) "equitably and liberally ... to achieve substantial justice." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (*per curiam*). Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake "rather than willful misconduct, carelessness or negligence" there is especial need to apply Rule 60(b) liberally. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981).

*In re Schlosser*, 1 00 B.R. 348, 349-50 (Bankr. S.D. Ohio 1989), citing *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839, 844-846 (6th Cir.1983).

> In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking

> relief has a meritorious claim or defense. *Id*. at 845. Culpability is "framed" by the specific language of the rule; *i.e.*, a party demonstrates a lack of culpability by demonstrating "mistake, inadvertence, surprise, or excusable neglect." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992).

*Williams v. Meyer, supra*, 346 F.3d at 613. Petitioner's failure to file the appropriate objections, particularly in view of his incarcerated status, appears to have been unintentional and the result of excusable neglect within the meaning of Rule 60(b)(1).

> A party's conduct is culpable if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Amernational Indus. v. Action-Tungsram, Inc.,* 925 F.2d 970, 978 (6th Cir.1991) (quoting *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391 (6th Cir.1987)).

*Id.; see also Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980); *United States v. Reyes,* 307 F.3d 451, 455 (6th Cir. 2002), citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000). Such are not the circumstances here. Additionally,

> [t]he courts have defined "neglect" to include "'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.'" [*Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 386 (6t Cir. 2001)] (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993). Although Rule 60(b)(1) does not define the term "excusable neglect," the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id*. (citing *Pioneer*, 507 U.S. at 395).

*Burley v. Bosch Americas* Corporation, 75 Fed. Appx. 329, 333, unpublished, 2003 WL 22025030 (6th Cir. August 27, 2003). Petitioner appears to have filed his motion for reconsideration not long

after he discovered that inappropriate objections had been filed, and the Court will presume that he

has acted in good faith. Further, respondent will not suffer any prejudice as a result of the Court's

consideration of the appropriate objections to the Magistrate Judge's recommendations in this case,

and in his objections petitioner argues against dismissal of his habeas corpus petition as time-barred

under 28 U.S.C. 2244(d)(1)(B), or under the doctrine of equitable tolling.

> In determining whether a defaulted defendant has a meritorious
> defense "[l]ikelihood of success is not the measure." *Keegel v. Key*
> *West & Caribbean Trading Co., Inc.*, 627 F.2d at 734. Rather, if any
> defense relied upon states a defense good at law, then a meritorious
> defense has been advanced. *Rooks v. American Brass Co., supra*, 263
> F.2d at 169.

*United Coin Meter Co., supra,* 705 F.2d at 845.

In view of all of the foregoing, petitioner's motion for reconsideration of final judgment and

request for consideration of his objections to the *Report and Recommendation*, Doc. No. 18, is

**GRANTED.** The March 23, 2006, final judgment dismissing petitioner's habeas corpus petition is

**VACATED.** However, petitioner's June 28, 2006, objections are **OVERRULED.**

The Magistrate Judge recommended that the instant habeas corpus petition be dismissed as

untimely under 28 U.S.C. §2244(d). As detailed in the *Report and Recommendation*, petitioner's

conviction became final on January 6, 2004, ninety days after the Ohio Supreme Court's October 8,

2003, dismissal of his direct appeal, when the time period expired to file a petition for a writ of

*certiorari* to the United States Supreme Court. The statute of limitations expired one year later, on

January 6, 2005, long before the instant petition was filed, on June 9, 2005.[1] Further, for the reasons

---

[1] Petitioner did not sign or indicate the date he executed the petition.

5

discussed by the Magistrate Judge, this Court agrees that petitioner's September 2, 2004, application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) did not toll the running of the statute of limitations, since the state appellate court dismissed such action as untimely. *Report and Recommendation*, at 4-6.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner was represented by counsel on appeal to the Ohio Supreme Court, and he asserts that his attorney improperly failed to advise him of the Ohio Supreme Court's October 8, 2003, dismissal of his appeal. In support of this allegation petitioner has attached a May 10, 2005, letter he wrote to the Clerk of the Ohio Supreme Court asking for a copy of the docket sheet and inquiring about the status of his appeal. Petitioner wrote:

> I have written my counsel numerous times with no response, and wish to further appeal the decision of this Court if it be a negative one.

*Exhibits to Objections*. Petitioner also has attached a document which appears to indicate that he received no legal mail from his attorney between January 20, 2004, and May 20, 2005. *See id.*

Under 28 U.S.C. §2244(d)(1)(B), the statute of limitations does not begin to run until

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]

In an unreported decision, the United States Court of Appeals for the Sixth Circuit held that the ineffective assistance of counsel in failing to "advise his client the new trial motion had been denied and thus the time to appeal was running," and actively misleading the defendant "into believing the motion and his direct appeal were still pending" may constitute an "impediment to filing an application created by State action" within the meaning of 28 U.S.C. § 2244(d)(1)(B). *Winkfield v.*

6

*Bagley*, unpublished, 66 Fed.Appx. 578, 582 (6ᵗʰ Cir. 2003).[2]  Similarly, counsel's failure to file a

timely appeal after being requested to do so may constitute a state created impediment within the

meaning of 2244(d)(1)(B).  *See Waldron v. Jackson*, 348 F.Supp.2d 877, 884-86 (N.D. Ohio 2004);

*see also Woods v. Jackson,* unpublished, 2006 WL 746293 (S.D. Ohio March 22, 2006)(same).

However, petitioner was not entitled to the assistance of counsel on appeal to the Ohio Supreme

Court.  *See Coleman v. Thompson,* 501 U.S. 722, 725 (1991)(citations omitted).  Therefore, this

Court is not persuaded by petitioner's argument that his attorney's failure to notify him of the Ohio

Supreme Court's dismissal of his appeal constituted state action under §2244(d)(1)(B).  Further, the

record does not reflect that equitable tolling of the statute of limitations is appropriate.

---

[2] In *Winkfield v. Bagley, supra*, the United States Court of Appeals for the Sixth Circuit
nonetheless concluded that 28 U.S.C. §2244(d)(1)(B) did not apply, because *Winkfield* failed to
show that his attorney's ineffectiveness prevented him from filing a timely habeas corpus
petition:

> "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional
> state action and being prevented from filing the petition." *Dunker v. Bissonnette*, 154
> F.Supp.2d 95, 105 (D.Mass.2001). In this case, Winkfield has not alleged that
> Warner erroneously informed him that he had no federal remedies. No connection
> has been established between Warner's ineffective assistance and Winkfield's ability
> to file a federal habeas petition. The fact that Winkfield was able to file his Rule 5(A)
> motion for a delayed appeal while the alleged impediment still existed (*i.e.*, while
> operating under the mistaken belief that his appeal was pending or was being
> strategically delayed by Warner) also suggests that Winkfield was not prevented by
> Warner's advice from timely filing his habeas petition. *Cf. Dean v. Pitcher*, No. Civ.
> 02-71203-DT, 2002 WL 31875460, at * 3 (E.D.Mich. Nov. 7, 2002) ("The fact that
> petitioner eventually filed his habeas petition even though his state appellate counsel
> had advised him not to do so demonstrates that his counsel's advice was not an
> unconstitutional impediment to the filing of his habeas petition.") Therefore,
> Winkfield has failed to "allege facts that establish that he was so inhibited by the
> state's action that he was unable to file and state a legal cause of action before the
> limitation period expired." *Neuendorf v. Graves*, 110 F.Supp.2d 1144, 1153
> (N.D.Iowa 2000) (quotation omitted).

*Id.*

"[P]etitioner bears the ⋯ burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6 Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6 Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6 Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ⋯ where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt,* 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6 Cir.2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6 Cir.1988).

There is no reason to conclude in this case that petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would petitioner have been

8

reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been

in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an

incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d

710, 714-15 (5 Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6 Cir.1999); *Rose v.*

*Dole,* 945 F.2d 1331, 1335 (6 Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim
> that "ignorance of the law is no excuse." This maxim, deeply
> embedded in our American legal tradition, reflects a presumption that
> citizens know the requirements of the law. The benefits of such a
> presumption are manifest. To allow an ignorance of the law excuse
> would encourage and reward indifference to the law. Further, the
> difficulty in proving a defendant's subjective knowledge of the law
> would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.

> [Y]outh, relative lack of education, and ··· lack of legal knowledge are
> not ··· extraordinary circumstances. *See, e.g., Montenegro v. United*
> *States,* 248 F.3d 585, 594 (7th Cir.2001) (equitable tolling not
> justified by lack of response from attorney, language barrier, lack of
> legal knowledge, and transfer between prisons), *overruled on other*
> *grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir.2001). As
> the Seventh Circuit said recently in *Williams v. Sims,* 390 F.3d 958
> (7th Cir.2004), even reasonable mistakes of law made by *pro se*
> litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise,
> "statute of limitations would have little bite, and no value at all to
> persons or institutions sued by people who don't have ··· any lawyers."
> *Id.*

*Granberry v. Frank,* unpublished, 2005 WL 2465911 (E.D.Wisconsin, October 6, 2005).

> Generally, "a lawyer's mistake is not a valid basis for equitable
> tolling." *Whalen v. Randle,* 37 Fed. Appx. 113, 120 (6th Cir.2002);
> *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001) ("attorney error,
> miscalculation, inadequate research, or other mistakes have not been
> found to rise to the 'extraordinary' circumstances required for
> equitable tolling"); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th
> Cir.2000) (attorney's misreading of AEDPA did not require equitable

9

> tolling). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen,* 37 Fed. Appx. at 120 (citing *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999)).

*Jurado v. Burt, supra,* 337 F.3d at 644; *see also Davidson v. McKune,* 2006 WL 2328755 (10th Cir.

August 11, 2006), citing *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005).

> It is well established that... ignorance... does not constitute a basis for equitable tolling. petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period. *See Lattimore v. DuBois,* 311 F.3d 46, 55 (1st Cir.2002); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000); *Rodriguez v. Elo,* 195 F.Supp.2d 934, 936 (E.D.Mich.2002) (Rosen, J.). Thus, the trial court's failure to advise petitioner of his appellate rights does not constitute the type of extraordinary circumstance justifying equitable tolling of the limitations period. *See Miller v. Cason,* 49 Fed. Appx. 495, 497 (6th Cir.2002) (state court's failure to inform petitioner of his appeal rights did not entitle petitioner to equitable tolling in part because petitioner's ignorance of the law did not excuse his failure to timely file).

*Myers v. White,* 2006 WL 2828565 (E.D. Michigan September 29, 2006).

The Court concludes that counsel's failure to advise petitioner of the Ohio Supreme Court's decision does not justify equitable tolling of the statute of limitations. Further, the record fails to reflect that petitioner exercised due diligence in pursing his claims. The Ohio Supreme Court dismissed petitioner's appeal on October 8, 2003. Petitioner pursued a delayed 26(B) application in the state courts from September 2, 2004, until January 26, 2005. He waited until June 9, 2005, to file the instant habeas corpus petition. Finally, respondent certainly will suffer some prejudice, if only in terms of time and expense, if this Court were to equitably toll the statute of limitations in this

case.

For all of the foregoing reasons, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRME**D.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

11-2-2006

EDMUND A. SARGUS, JR.
United States District Judge

11