IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| RAUL SANTIAGO, | : | |
| | | Case No. 2:05-cv-0560 |
| Petitioner, | : | |
| | | JUDGE EDMUND A. SARGUS, JR. |
| v. | : | MAGISTRATE JUDGE KEMP |
| PATRICK HURLEY, Warden, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, Raul Santiago, a prisoner at the Ross Correctional Institution located in

Chillicothe, Ohio, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  (Doc.

#1).  The case is now before the Court on petitioner's motion for relief of judgment pursuant to

Fed. R. Civ. P. 60(b).  (Doc. #23).  For the following reasons, it will be recommended that the

motion be denied.

## I. PROCEDURAL HISTORY

Petitioner was indicted by the January 5, 2001 term of the Franklin County grand jury on

one count of aggravated murder, in violation of O.R.C. §2903.01, with specifications.  Exhibit 1

to Return of Writ.  While represented by counsel, petitioner proceeded to jury trial, and on

September 26, 2002, was found guilty as charged.  Exhibit 4 to Return of Writ.  He was

sentenced to twenty years to life with an additional three years for use of a firearm.  Exhibit 5 to

Return of Writ.  Represented by new counsel, petitioner filed a timely appeal to the Tenth

District Court of Appeals.  He asserted the following assignments of error:

> 1. The trial court erred in overruling appellant's *Batson* objection, as the State
> improperly exercised a peremptory challenge to exclude an African-American juror,
> thereby depriving appellant of equal protection as guaranteed by the Fourteenth
> Amendment to the United States Constitution and comparable provisions of the Ohio

Constitution.

2. The trial court committed plain error in permitting hearsay testimony of alleged conversations with the decedent, thereby depriving appellant of his right of confrontation in violation of the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

3. The trial court committed plain error in repeatedly admitting irrelevant and inadmissible evidence about the "high crime" nature of the location of the offense, thereby depriving appellant of his right to a fair trial as guaranteed by the United States and Ohio Constitutions.

4. The failures of appellant's trial counsel constituted ineffective assistance, thereby depriving appellant of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

Exhibit 7 to Return of Writ.  On June 5, 2003, the appellate court affirmed the judgment of the trial court.  Exhibit 10 to Return of Writ.  Still represented by counsel, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court in which he asserted the same propositions of law.  Exhibit 12 to Return of Writ.  On October 8, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit 14 to Return of Writ.  Proceeding *pro se*, on September 2, 2004, petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B).  On October 19, 2004, the appellate court denied the application as untimely.  Exhibit 17 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on January 26, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  Exhibit 20 to Return of Writ.

On June 9, 2005, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleged that he is in the custody of respondent in violation of the Constitution of the United States based upon the following grounds:

2

1. Petitioner was denied a fair trial and equal protection under the 14th Amendment, where the State excluded jurors based upon only race.

2. Petitioner was denied his rights to a fair trial and confrontation where the State introduced prejudiced hearsay testimony.

3. Petitioner was denied his right to a fair trial as guaranteed by the Fourteenth Amendment, where the trial court admitted into evidence repeated statements about the "high crime" nature of the location of the offense.

4. Petitioner was denied effective assistance of trial counsel.

5. Petitioner was denied effective assistance of appellate and trial counsel where counsel failed during the trial to properly challenge the State's witnesses credibility and sufficiency of the evidence, and appellate counsel failed to raise such issues on direct appeal.

On March 23, 2006, over petitioner's objections, this Court adopted a Report and Recommendation recommending dismissal of the case and dismissed the petition as untimely. (Doc. #15).

Petitioner subsequently filed a motion for reconsideration alleging that the objections to the Report and Recommendation were filed in error.  (Doc. #18).  In a November 2, 2006 Opinion and Order, the Court found that Petitioner's failure to file appropriate objections appeared to have been unintentional and the result of excusable neglect within the meaning of Fed. R. Civ. P. 60(b)(1).  (Doc. #19 at 4).  Presuming that petitioner acted in good faith and finding that respondent would not suffer any prejudice as a result of the Court's consideration of the appropriate objections to the Report and Recommendation, the Court vacated the final judgment dismissing the habeas corpus petition to consider petitioner's objections.  The Court, however, overruled petitioner's objections, finding that petitioner failed to satisfy his burden of persuading the Court that he was entitled to equitable tolling.  Consequently, the Court again adopted the Report and Recommendation over petitioner's objections and dismissed the petition

as untimely.

On October 23, 2012, petitioner filed a "Request for an Order Authorization from this District Court to Consider Petitioner's Application on New Merits." (Doc. #21). In that filing, petitioner stated that he filed, in the Court of Common Pleas, a motion to reopen his case for purposes of resentencing; that the motion was denied; that he has exhausted his state remedies concerning that denial by appealing it to both the Tenth District Court of Appeals and the Ohio Supreme Court; and that his current motion was filed within one year of the Ohio Supreme Court's decision not to accept jurisdiction of his appeal. Relying on *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), petitioner asked this Court to permit him to raise additional claims not presented in his original petition and to determine that any filing raising such claims would not constitute a "second or successive petition" within the meaning of 28 U.S.C. §2244(b). On October 31, 2012, this Court issued an Order finding that, under the "second or successive petition" rule, the Court would have no jurisdiction to consider any new claims which petitioner might wish to raise. (Doc. #22).

On April 4, 2013, petitioner filed the instant motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. #23). In the motion, petitioner moves this Court to "allow[ ] him to Amend his Original Petition and or allow the reopening of his original judgment to raise issues" arising from a decision issued by the Tenth District Court of Appeals on April 12, 2012. *Id.* at 4. The Court now considers whether petitioner's challenge to the decision of the Tenth District Court of Appeals is properly before this Court.

## II. DISCUSSION

Fed. R. Civ. P. 60(b) permits the Court to grant relief from final judgments, orders, or

proceedings.  The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The movant bears the burden of demonstrating that this case falls within the circumstances in Fed. R. Civ. P. 60(b).  *See Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

In the habeas context, courts draw a distinction between "true" motions under Fed. R. Civ. P. 60(b) and second or successive petitions.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).  A "true" Rule 60(b) motion either challenges "only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citing *Gonzalez*, 545 U.S. 532).   Examples of "true" Rule 60(b) motions include a motion that a "court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations. . . ." *Id.*  In contrast, a

second or successive petition asserts a federal basis for relief from the underlying conviction.

*See id.* Examples of second or successive petitions include "a claim of constitutional error

omitted from the movant's initial habeas petition, a motion seeking leave to present newly

discovered evidence in order to advance the merits of a claim previously denied, or a motion

seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the

merits of that claim." *Id.* (internal quotations and citations omitted).

Here, petitioner asserts that he is challenging a decision by the Tenth District Court of

Appeals and "not attacking the validity of the judgment or the sentence. . . ." (Doc. #23 at 3).

Petitioner claims that since this Court dismissed his petition, he returned to the trial court and

court of appeals claiming that his conviction was void. *Id.* at 2. He explains that although "the

trial court denied his motion, . . . the Tenth District court of appeals Granted his Motion in Part

and denied in Part, as to the portions of Post Release Control that petitioner claims that the trial

court erred when it added to Petitioner's sentence." *Id.* (alteration omitted). On this basis,

petitioner claims that he "is not exactly attacking the validity" of the judgment or sentence, and

his motion should not be barred by the "second or successive petition" rule. *Id.*

It appears from the face of petitioner's motion that he is attempting to use Fed. R. Civ. P.

60(b) to challenge an alteration of his sentence by the Tenth District Court of Appeals on April

12, 2012. Petitioner is not challenging a procedural ruling which precluded a merits

determination, nor is he asserting a defect in the integrity of the federal habeas proceeding.

Thus, Rule 60(b) is not the proper mechanism for addressing petitioner's claim, and petitioner's

motion is not a "true" Rule 60(b) motion. If petitioner's challenge is, as it appears to be, a

challenge to a new decision which affects his prior sentence and could not have been included in

his original petition, the proper way to assert that challenge would be in a separate petition. Whether the separate petition would be timely and whether it would be subject to 28 U.S.C. §2244's "second or successive" rule is not currently before this Court.  Accordingly, it will be recommended that the motion be denied.

## III. CONCLUSION

Based on the foregoing, it is recommended that petitioner's motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b) be denied.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge